# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-10938** |
| **DARRELL VANNOY** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court is Petitioner Terry Harris's petition pursuant to 28 U.S.C § 2254 for a writ of habeas corpus (Rec. Doc. 1) and Respondent Darrell Vannoy's opposition (Rec. Doc. 14). Additionally, in a Report and Recommendation, Magistrate Judge Wilkinson recommended that the petition be dismissed with prejudice. Rec. Doc. 16. Petitioner timely filed objections to the Report and Recommendation. Rec. Doc. 17.

For the reasons enumerated below, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**, the Petitioner's objections are **OVERRULED**, and the instant habeas corpus petition is **DISMISSED WITH PREJUDICE**.


## FACTS AND PROCEDURAL HISTORY

Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On September 9, 2004, Petitioner was indicted by a Jefferson Parish grand jury and charged with aggravated rape of a juvenile male, M.B. St. Rec. Vol. 1 of 12, Grand Jury Return.

**A. State Trial**

Petitioner was tried before a jury and found guilty of forcible rape, a lesser offense than the charged crime. St. Rec. Vol. 1 of 12, Trial Minutes; Jury Verdict. Petitioner's motion in arrest of judgment and for a new trial was denied by the state trial court on January 7, 2010. St. Rec. Vol. 1 of 12, Motion in Arrest of Judgment and Alternatively Motion for New Trial. The court sentenced Petitioner to thirty-eight (38) years in prison without benefit of parole, probation, or suspension of sentence. St. Rec. Vol. 1 of 12, Sentencing Minutes.

Petitioner also plead not guilty to the multiple offender bill on January 7, 2010. St. Rec. Vol. 1 of 12, Sentencing Minutes. The court then vacated the former sentence, and sentenced Petitioner as a multiple offender to seventy-six (76) years in prison without benefit of probation or suspension of sentence instead. St. Rec. Vol. 1 of 12, Pro Tunc Minute Entry.

Petitioner directly appealed to the Louisiana Fifth Circuit, where his appointed counsel asserted that the trial court erred (1) when it denied the defense's motion to quash his indictment based on delayed prosecution beyond the period allowed by law, and (2) when it did not instruct the jury on the meaning of "acquittal" in connection with the admission of other crimes evidence. St. Rec. Vol. 9 of 12, Appeal Brief, 2011-KA-0253. Petitioner also filed a pro se supplemental brief where he asserted (1) that he

was denied due process when he was not allowed to confront and cross-examine witnesses during the *Prieur* hearing on the other crimes evidence, and (2) that he was convicted without proof of guilt beyond a reasonable doubt. St. Rec. Vol. 9 of 12, Pro Se Supplemental Brief, 2011-KA-253.

The Louisiana Fifth Circuit affirmed the conviction on December 28, 2011, finding all of Petitioner's claims meritless. *State v. Harris*, 83 So. 3d 269 (La. App. 5 Cir. 12/28/11). The Louisiana Supreme Court denied Petitioner's related writ application on August 22, 2012 without stated reasons. *State v. Harris*, 97 So. 3d 376 (La. 2012).

**B. State Collateral Review**

On March 11, 2013, Petitioner requested post-conviction relief from the state trial court, asserting the following grounds: (1) he was denied the right to a fair trial when the state trial court allowed a correctional officer from the parish jail where he was housed to sit on the jury; (2) he was denied a fair trial when the state trial court allowed pictures into the jury room during deliberations and his counsel failed to object; (3) his counsel was ineffective by failing to object to the pictures taken into the jury room; (4) he was denied a fair trial by the State's reliance on false testimony; (5) he was denied a fair trial when the state trial court denied defense counsel the opportunity to lay a foundation for impeachment evidence, and denied the request

to wait for a detective to testify about inconsistent statements; (6) he was denied a fair trial when counsel failed to object to a modified *Allen* charge; and (7) his counsel was ineffective based on a conflict between counsel and Petitioner. St. Rec. Vol. 2 of 12, Application for Post-Conviction Relief.

The state trial court denied relief as procedurally improper because Petitioner failed to specify the factual bases in support of his claims. St. Rec. Vol. 2 of 12, Trial Court Order. The Louisiana Fifth Circuit remanded the matter for further consideration, and the state trial court then found that Claims 1, 2, 4, and 5 were procedurally barred from review under Louisiana Code of Criminal Procedure articles 930.4(B) and/or (C). St. Rec. Vol. 2 of 12, Trial Court Order 3/26/14. The state trial court also found that Claims 3, 6, and 7 failed to establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and related state case law. St. Rec. Vol. 2 of 12, Trial Court Order 3/26/14.

On May 21, 2015, the Louisiana Fifth Circuit denied Petitioner's writ application, citing the same reasons given by the state trial court. St. Rec. Vol 12 of 12, 5th Cir. Order, 15-KH-241, 5/21/15. The Louisiana Supreme Court denied Petitioner's writ application as meritless under *Strickland*, and as otherwise procedurally barred under Louisiana Code of Criminal Procedure Articles 930.2 and 930.4, with incorporated reference to the

reasons given by the state trial court. *State ex rel. Harris v. State*, 193 So. 3d 133 (La. 2016).

**C. Petition for Federal Habeas Corpus Relief**

Petitioner filed the instant petition for federal habeas corpus relief on June 17, 2016. Rec. Doc. 1. Petitioner's habeas allegations are as follows:

1) The state trial court erred when it denied Petitioner's motion to quash his indictment based on delayed commencement of trial after the period allowed by law;

2) The state trial court erred when it allowed the State to introduce testimony about a crime for which he was acquitted without instructing the jury on the meaning of "acquittal;"

3) The state trial court erred when it denied Petitioner's application for post-conviction relief because he did not have the trial record when he filed his application;

4) He was denied the right to a fair trial when the state trial court allowed a correctional officer from the parish jail where he was housed to sit on the jury;

5) He was denied a fair trial when the state court allowed pictures into jury room deliberations that

were not related to the crime being tried and his counsel did not object;

6) He was denied effective counsel when (a) his trial counsel failed to object to pictures being taken into the jury room, and (b) his appellate counsel did not assert the issue on appeal;

7) (a)The State showed a witness evidence before trial so she could change her testimony and (b) relied on false testimony;

8) He was denied a fair trial when the state trial court denied him the right to present a defense;

9) (a) he was denied effective assistance of counsel when his counsel failed to object to an *Allen* charge, and (b) the state trial court erroneously told the jury during deliberations that the verdict had to be by a 10 to 2 vote;

10) His counsel was ineffective based on a conflict between counsel and Petitioner;

11) The evidence was insufficient because the victim stated at trial that the incident occurred on a date when Petitioner was in jail; and

12) He was denied effective assistance of counsel because (a) his trial counsel failed to call witnesses to prove Petitioner was in jail when the victim said the

crime was committed, and (b) his appellate counsel
failed to assert actual innocence and false testimony
claims. Rec. Doc. 1.

The State filed a response in opposition to the Petition,
addressing the first ten claims. Rec. Doc. 14. The State argues
that Petitioner's Claims 1, 3, and 10 failed to state a cognizable
basis for federal habeas relief, Claims 4, 5, 7, 8, and 9(b) are
in procedural default, and Claims 2, 6, and part of 9(a) are
meritless. Rec. Doc. 14.

**MAGISTRATE'S REPORT AND RECOMMENDATION**

The Magistrate Judge addressed and dismissed each of
Petitioner's claims. Rec. Doc. 16. Accordingly, the Magistrate
Judge recommended that the petition be dismissed with prejudice.
Rec. Doc. 16 at 1.

**PETITIONER'S OBJECTIONS**

Petitioner objects to the Magistrate's Report and
Recommendation. Rec. Doc. 17. In his objection, Petitioner argues
that the following grounds justify relief, most of which are
restatements of the arguments in his petition: (1) Claims 4,5,7,8,
and 9 were not in procedural default; (2) the state trial court
erred when it denied Petitioner's motion to quash his indictment;
(3) the state trial court erred when it allowed the State to
introduce evidence from a crime of which Petitioner was acquitted;
(4) the state trial court erred when it denied Petitioner's

application for post-conviction relief; (5) the State relied on false testimony in order to obtain Petitioner's conviction; (6) the evidence introduced at trial was insufficient to prove his guilt; and (7) Petitioner's trial and appellate counsel provided ineffective assistance of counsel. Rec. Doc. 17.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA) controls this Court's review of a § 2254 petition. The threshold questions in a habeas review are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in a state court; meaning, a petitioner must have exhausted state court remedies and his claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254 (b), (c)).

When considering a pure question of fact, the Court presumes factual findings to be correct and defers to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2) – (e)(1) (requiring "clear and convincing evidence" to rebut that presumption).

When considering a pure question of law or a mixed question of fact and law, the Court defers to the state court's decision unless it was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

Court of the United States." 28 § 2254(d)(1). Under the "unreasonable application" standard, the only question is "whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 246 (5th Cir. 2002).

**DISCUSSION**

This memorandum addresses the following issues. First, the State's claim that five of Petitioner's claims are in procedural default. Second, Petitioner's claims that the state trial court erred when it denied his motion to quash, allowed other crimes evidence into evidence, and denied his application for post-conviction relief. Third, Petitioner's claim that the State relied on false testimony in order to secure his conviction. Fourth, Petitioner's claim that there was insufficient evidence to prove his guilt. Finally, Petitioner's claims of ineffective assistance of counsel.

A. Procedural Default

The State contends that five of Petitioner's claims are in procedural default: that Petitioner was denied his right to a fair trial when the state trial court allowed a correctional officer from the parish jail where he was incarcerated to sit on the jury; that Petitioner was denied his right to a fair trial when the state trial court allowed pictures into jury deliberations that were not related to the crime being tried and his counsel did not object; that the State showed evidence to a witness before trial and had

her change her testimony; that Petitioner was denied a fair trial when the state trial court denied him the right to present a defense; and that the state trial court erroneously told the jury during deliberations that the verdict had to be by a 10 to 2 vote. On collateral review, the state trial court barred review of each of these claims pursuant to Louisiana Code of Criminal Procedure Articles 930.4(B) and (C) for failure to assert the claims in a timely manner at trial or on appeal. The Louisiana Fifth Circuit gave the same reasons, which were adopted by the Louisiana Supreme Court. St. Rec. Vol 12 of 12, 5th Cir. Order, 15-KH-241, 5/21/15; *State ex rel. Harris v. State*, 193 So. 3d 133 (La. 2016).

Federal courts will not review a question of federal law in a habeas petition if the state court's decision rests on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state court declines to address petitioner's federal claims because the petitioner failed to comply with a state procedural requirement, the court's judgment "rests on independent and adequate state procedural grounds." *Id.* at 729-30; *see also Cone v. Bell*, 556 U.S. 449, 465 (2009). A federal court can only review such a claim if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In order for a state law procedural rule to prevent review by a federal court, the rule must be both independent and adequate. *Id.* at 730-32. A procedural rule is "independent" when the state court "clearly and expressly" indicates that it is independent of federal law. *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). A procedural bar is "adequate" when it is strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 316-17 (2011); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1999).

The Louisiana Supreme Court gave the last reasoned decision on this issue when it denied Petitioner's application for post-conviction relief under Louisiana Code of Criminal Procedure article 930.4, and adopted the state trial court's reason for denying post-conviction relief under Louisiana Code of Criminal Procedure articles 930.4(B) and (C). *State ex rel. Harris v. State*, 193 So. 3d 133 (La. 2016).

Under Article 930.4(B), a court must deny relief when a habeas application alleges a claim which petitioner had knowledge of and failed to raise in the proceedings leading to the conviction. LA. Code Crim. Proc. art 930.4(B). Under Article 930.4(C), a court must deny relief when a habeas application alleges a claim that

petitioner raised in the trial court but inexcusably failed to raise on appeal. LA. Code Crim. Proc. art 930.4(C).

Such rules are the precise rules meant to bar review by this court because they set forth the state procedural requirements for presenting post-conviction relief claims. *See Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (noting that state courts' clear reliance on state procedural rules is determinative of the issue). Accordingly, it would be improper to review Petitioner's fourth, fifth, seventh, eighth, and ninth claims. *See Walker v. Warden Louisiana State Penitentiary*, 19 F.3d 15, 1994 WL 93289, at *1 (5th Cir. 1994).

A petitioner may be excepted from procedural default if he can show cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). To establish cause for a procedural default, the critical inquiry is whether the petitioner can demonstrate that some objective factor external to the defense hindered counsel's efforts to follow the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not establish cause for procedural default. *Id.* at 486.

Construed broadly, Petitioner argues that these claims were not raised because his appellate counsel did not contact him and he did not have the transcripts or knowledge to appeal. However,

Petitioner's appellate counsel filed an appellate brief with the Louisiana Fifth Circuit Court of Appeals, which did not raise these claims. St. Rec. Vol. 9 of 12, Appeal Brief 2011-KA-0253, 4/20/11. As discussed below, counsel's discretion in deciding not to raise certain claims is not error. *See infra* Part G. Additionally, Petitioner also filed a pro se supplemental appellate brief with the Louisiana Fifth Circuit Court of Appeals where he quoted and referenced the record but did not raise these claims. St. Rec. Vol. 9 of 12, Pro Se Supplemental Brief 2011-KA-0253, 7/27/11. Accordingly, Petitioner has not offered any cause for the default that would exclude the procedural bar imposed by the Louisiana courts – the record neither supports any factor external to the defense prevented Petitioner from raising these claims procedurally properly, nor reflects any action or inaction by the State that prevented his counsel or him from properly asserting the claims in the state courts.

Failing to show "cause" is fatal to Petitioner's invocation of the "cause and prejudice" exception. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 143 n.43 (1982)). Because Petitioner failed to show cause for his default, this court does not need to determine whether prejudice existed. *Ratcliff v. Estelle*, 597 F.2d 474, 477 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977).

Even if a petitioner cannot meet the cause and prejudice standard, a federal court may review the merits of procedurally defaulted claim if declining to hear the claims would constitute a fundamental miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). However, as the Supreme Court has emphasized, this is a narrow exception to procedural default. *Id.* at 340. In order to establish a fundamental miscarriage of justice, a petitioner must show that under "probative evidence he has a colorable claim of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Under this standard, the petitioner must demonstrate a fair probability that in light of all probative evidence, the trier of fact would have entertained a reasonable doubt as to his guilt. *Id.* at 454-54, n. 17.

Here, Petitioner offers no argument and the record contains no evidence showing factual innocence of the underlying conviction. While Petitioner contends that the victim recalled the rapes occurring on dates during which Petitioner was incarcerated (Rec. Doc. 1, 17), the jury found that the rapes occurred on dates during which Petitioner was not incarcerated. St. Rec. Vol. 1 of 12, Trial Minutes; Jury Verdict. Such determination is precisely within the province of the jury and not for this court to disturb. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, Petitioner has not overcome the procedural bar for review of the following: Claim 4, 5, 7(a), 8, and 9(b).

B. Denial of Motion to Quash

Petitioner also argues that the state trial court erred when it denied his motion to quash. Petitioner's counsel moved to quash the indictment on September 14, 2009, contending that the State had exceeded the allowed time under state law to bring the case to trial. The state trial court denied the motion on October 2, 2009, finding that under Louisiana law, the delay was attributable to four other pending criminal cases against Petitioner.

The Louisiana Fifth Circuit reviewed this issue on direct appeal, finding that when Petitioner filed several motions, including motions to continue, it suspended the general rule that trial must commence within two years from the date of institution of prosecution. *State v. Harris*, 83 So.3d 269, 282-84 (La. App. 5 Cir. 12/28/11). Additionally, referencing to Louisiana Code of Criminal Procedure article 578(A)(2), the court noted that trial was scheduled within the proper time once the motions were resolved or withdrawn. *Id.* at 284. That was the last reasoned opinion on this issue.

To the extent that Petitioner requests that this court review the propriety of the state courts' denial of the motion to quash under state law, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citation omitted). Accordingly, this court will only review Petitioner's claim if he establishes that the state courts' denial

of the motion to quash amounted to a violation of his constitutional rights. *Estelle v. McGuire*, 503 U.S. 62, 68 (1991). Here, construed broadly, Petitioner asserts a violation of his right to speedy trial under the Sixth Amendment.

The Sixth Amendment guarantees every person accused of a crime the right to a speedy trial. U.S. Const. amend. VI. Whether a person has been deprived of that right is a mixed question of law and fact. *Amos v. Thorton*, 646 F.3d 199, 201 (5th Cir. 2011). Accordingly, in order to receive habeas relief, the state courts' rejection of a speedy-trial claim must have been contrary to or an unreasonable application of Supreme Court law. *Id.* Because of the "somewhat indeterminate and fact-intensive nature of the speedy trial right," this court's deference to state courts is "at an apex" in reviewing its application of such law. *Divers v. Cain*, 698 F.3d 211, 217 (5th Cir. 2012) (internal quotations and citation omitted). An inquiry into a speedy trial claim requires courts to consider: (1) length of the delay; (2) reason for the delay; (3) petitioner's assertion of his right to speedy trial; and (4) prejudice to the petitioner. *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972).

Under the first factor, the right to speedy trial begins at the time of arrest or indictment, whichever is first. *Amos*, 646 F.3d at 206 (citing *Dillingham v. United States*, 423 U.S. 64, 65 (1975) (per curiam)). A delay between the arrest or indictment and

trial becomes "presumptively prejudicial" around the one-year mark. *See Goodrum v. Quarterman*, 547 F.3d 249, 260 (5th Cir. 2008). Here, the record shows that a grand jury indicted Petitioner on September 9, 2004. St. Rec. Vol. 1 of 12, Grand Jury Return. Ordinarily, the State would have two years to try Petitioner; however, the State commenced trial on December 19, 2009, five years after his indictment. Accordingly, Petitioner has made a threshold showing of prejudicial delay, sufficient to trigger a full *Barker* analysis. *See Amos*, 646 F.3d at 206. The first factor weighs in favor of Petitioner.

Next, the reason for such delay is considered. *Id.* at 207. A court gives different weight to different reasons, and "delays explained by valid reasons or attributable to the conduct of the defendant weigh in favor of the state." *Id.* Here, as the state trial court noted, Hurricane Katrina hit New Orleans on August 31, 2005, eleven months after a grand jury indicted Petitioner. Louisiana courts have held repeatedly that the effects of Hurricane Katrina on the criminal justice system were a circumstance beyond control of the state. *See, e.g.*, *State v. Hamilton*, 973 So.2d 110 (La. App. 4th Cir. 11/28/07). Accordingly, the delay to try Petitioner within the time period specified by statute was delayed by no fault of the State.

The third *Barker* factor examines whether the defendant "diligently asserted his speedy trial right." *United States v.*

*Parker*, 505 F.3d 323, 329 (5th Cir. 2007). A motion to quash an indictment constitutes an assertion of the right to a speedy trial. *Divers v. Cain*, 698 F.3d 211, 219 (5th Cir. 2012) (citation omitted). However, merely asserting this right will not automatically tilt this factor towards the petitioner because a petitioner "who waits too long to assert his right will have his silence weighed against him." *United States v. Molina-Solorio*, 577 F.3d 300, 306 (5th Cir. 2009).

For example, in *United States v. Parker*, the United States Court of Appeals for the Fifth Circuit held that when petitioner waited fourteen months from the time of indictment to assert his speedy trial right, that amount of time weighed against him. *United States v. Parker*, 505 F.3d 323, 330 (5th Cir. 2007). Here, Petitioner raised his speedy trial claim on the day he moved to quash his indictment – September 14, 2009, which was three months before the start of trial, which had been delayed and continued for five years. Meaning, Petitioner waited almost the entire period of the delay of which he complains to assert his speedy trial issue. Such delay weighs against Petitioner. *See Parker*, 505 F.3d at 330.

Finally, the fourth *Barker* factor examines the prejudice to the petitioner because of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Typically, the petitioner carries the burden to demonstrate actual prejudice; however, after reviewing the first

three factors, a court must decide whether the petitioner still bears that burden or whether prejudice is presumed. *See Amos v. Thorton*, 646 F.3d 199, 208 (5th Cir. 2011). Here, Petitioner has not demonstrated that the above three factors warrant presumed prejudice: while the delay was extended, a valid reason existed for the delay and Petitioner did not diligently assert his speedy trial right. Accordingly, in order for Petitioner to prevail on his speedy trial claim, he must establish actual prejudice and demonstrate that the prejudice adequately exceeds the other factors. *United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007); *see also* Amos, 646 F.3d at 208 n.42 (finding no presumption of prejudice even when two of the three *Barker* factors weighed in favor of petitioner).

Under *Barker*, in assessing prejudice, courts should consider three interests of the petitioner: 1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern accompanying public accusation; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of those, the most significant prejudice is the petitioner's ability to prepare his case without limitation. *Frye*, 489 F.3d at 212 (citing *Barker*, 407 U.S. at 532).

Here, Petitioner states that there was ample time to bring him to trial. However, such claim neither alleges any prejudice as a result of the delay nor that the delay undercut the interests

meant to protect him from prejudice. Without more, Petitioner has failed to establish actual prejudice. *See, e.g.*, *United States v. Parker*, 505 F.3d 323, 330 (5th Cir. 2008); *Gray v. King*, 724 F.2d 1199, 1204-05 (5th Cir. 1984).

Petitioner has not shown that the state courts' denial of the motion to quash his indictment was contrary to or an unreasonable application of Supreme Court precedent. Accordingly, under the *Barker* factors, Petitioner's right to a speedy trial was not violated.

C. Other Crimes Evidence

Petitioner next argues that the state trial court erred when it allowed the State to introduce evidence from a past sexual offense, of which Petitioner was acquitted, without instructing the jury on what "acquittal" means. The state court ruled that the testimony was admissible under Louisiana Code of Evidence article 412.2 as evidence of relevant and probative occurrence of the crime and Petitioner's lustful disposition towards children.[1] The state trial court applied the 403 balancing test, finding that there was

---

[1] Louisiana Code of Evidence article 412.2(A) provides that certain evidence of other sexually assaultive behavior may be admissible into evidence when an accused is charged with acts constituting a sex offense with a victim who was under the age of seventeen at the time offense, or acts indicating a lustful disposition toward children. LA. Code Evid. art. 412.2(A). Such evidence may be considered on any matter to which it is relevant, subject to the balancing test in Article 403. Id.

no showing that the value of the evidence would be substantially outweighed by the danger of unfair prejudice.[2]

Petitioner's appointed counsel asserted this issue on direct appeal, but the Louisiana Fifth Circuit concluded that the evidence was properly admitted. The court also noted that the testimony gave a chronology of the events leading up to M.B.'s coming forward about the rape, and that the trial court's limiting instruction made clear that the jury could not convict Petitioner of this crime merely because he may have committed a past crime.

To the extent that Petitioner argues that admitting the evidence violated Louisiana law, that claim is unavailable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Federal courts do not review the propriety of state court evidentiary hearings, unless the proceedings violate due process such that the violation renders the criminal proceeding fundamentally unfair. *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991). This issue presents a mixed question of law and fact. *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2010). Accordingly, this court must determine if the state court's admission of the other acts evidence was contrary to or involved an unreasonable

---

[2] Article 403 applies a balancing test to determine whether evidence should be included or excluded: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La. Code Evid. art. 403.

application of Supreme Court precedent prohibiting an unfair trial.[3]

A state court's evidentiary decisions do not create cognizable habeas claims unless they conflict with a specific constitutional right or render the trial fundamentally unfair. *See Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). Here, admission of the other crimes evidence was consistent with the Constitution. *See* Fed. R. Evid. 403, 413; *United States v. Lewis*, 796 F.3d 543, 547-48 (5th Cir. 2015) (finding no error when the district court allowed into evidence uncharged sexual assaults against minors under Rule 413 and balanced under Rule 403). The probative value of other sexual acts with L.C., another child, outweighed the potential prejudice. The evidence was relevant to show lustful disposition towards children, outline the chronology of both incidents, and relate the similarity of both incidents. Furthermore, the potential for unfair prejudice was diminished by L.C.'s clear testimony that she did not identify Petitioner at her trial, that Petitioner was acquitted at L.C.'s trial, and the trial court's instruction that the jurors could not find guilt based on the other sexual offense. *See Lewis*, 796 F.3d at 547-48.

---

[3] In *State v. Williams*, the Louisiana Supreme Court likened Article 412.2 of Louisiana's Code of Evidence to Rule 413 of the Federal Rules of Evidence, noting that the former was enacted in order to lower the obstacles for admitting "propensity evidence" in sexual assault cases, especially those involving children. 830 So.2d 984, 984-86 (La. 2002). Importantly, both state and federal evidence rules are subject to the balancing test weighing probative value against prejudicial effect. *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008).

Accordingly, Petitioner has not demonstrated that the other crimes evidence was inadmissible or rendered his trial fundamentally unfair.

Petitioner also argues that the state trial court erred when it failed to instruct the jury on the meaning of "acquittal" in connection to L.C.'s testimony. Before L.C. testified, Petitioner's counsel requested a charge on the meaning of acquittal, which was considered by the trial court but not ultimately included in the jury instructions. In its opinion, the Louisiana Fifth Circuit held that the trial court's failure to read a special jury charge constitutes reversible error only when it causes prejudice to the constitutional or statutory rights of the accused. (citing *State v. Davis*, 768 So.2d 201, 211 (La. App. 5th Cir. 2000) (*writ denied*, 795 So.2d 1205 (La. 2001))). The court found no prejudice resulted from not reading the requested charge because L.C. testified at Petitioner's trial that he was found not guilty. Additionally, the court noted that when counsel addresses the matter in closing arguments, like defense counsel did here, Louisiana law does not require a special instruction per *Davis*.

Generally, improper jury instructions in state criminal trials do not form the grounds for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). This court does not inquire into whether state law was violated, but rather whether the failure

to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1977)) (internal quotation omitted). The burden of proof is on the petitioner to show that an error resulting in a constitutional violation occurred. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). Here, the Louisiana courts held that the state trial court did not err when it did not include Petitioner's requested charge to the jury.

Nor has Petitioner demonstrated any violation of his due process rights. As noted by the state courts, the jury heard during testimony and closing arguments that Petitioner was acquitted or found not guilty of the prior sex offense involving L.C. Nothing in the record suggests that the jury was confused about the meaning of "acquittal" or misunderstood the significance of the acquittal. Accordingly, Petitioner has not established prejudice or violation of his due process rights. *See, e.g. Bryan v. Wainwright*, 588 F.2d 1108, 1111-12 (5th Cir. 1979) (finding no constitutional error when jury instruction did not define or explain the phrase "depraved mind" and noting such term was not a complex legal term that the jury would not understand). Petitioner is not entitled to federal habeas relief on these claims.

D. <u>Review of Post-Conviction Application</u>

Petitioner argues that the state trial court erred when it denied his application for post-conviction relief because he did not have the trial record when he filed his application, which is why he could not meet his burden of proof. Petitioner asserted this claim in the Louisiana Fifth Circuit Court and the Louisiana Supreme Court, but neither court expressly addressed this issue when denying his writ applications.

However, it is settled that "infirmities in the state [habeas] proceedings do not constitute grounds for relief in federal court" because an attack on the state habeas proceedings is "an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citations omitted). Here, Petitioner challenges not having the trial court record when he filed his post-conviction relief application, but such challenge merely attacks infirmities in the state habeas proceeding, which is foreclosed by precedent. *See Rudd*, 256 F.3d at 320. Petitioner is not entitled to federal habeas relief on this claim.[4]

E. <u>False Testimony</u>

Petitioner argues that the State relied on false testimony from an alleged prior victim in order to secure his conviction. On

---

[4] Petitioner also argues that he did not have the trial record when he filed his petitioner. However, based on his references to the record, it appears that Petitioner had access to it during his post-conviction application.

direct appeal, the Louisiana Fifth Circuit held that the testimony in question was clear and consistent with prior statements and testimony.

A criminal defendant's due process rights are violated when the State knowingly uses false or misleading evidence at trial. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). In order to establish such violation, a petitioner must show (1) the evidence was false, (2) the evidence was material, and (3) the State knew the evidence was false. *Duncan v. Cockrell*, 70 F. App'x 741, 744 (5th Cir. 2003) (citation omitted). False evidence is "material" only if there is a reasonable likelihood that it could have affected the jury's verdict. *Id.* A claim that the State knowingly used perjured testimony at trial presents a mixed question of law and fact. *Fairman v. Anderson*, 188 F.3d 635, 640 (5th Cir. 1999). Accordingly, this court must determine whether the state courts' ruling was contrary to or an unreasonable application of federal law.

The state courts concluded that L.C.'s testimony was both clear and consistent, including her concession that she had not been able to identify Petitioner at her trial because she felt uncomfortable. Here, Petitioner does not argue what specific testimony by L.C. was false. To the extent that Petitioner argues that L.C. lied about him raping her merely because he was acquitted of that crime, his claim is unavailing. The Supreme Court has held

that "an acquittal on criminal charges does not prove that the defendant is innocent." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984). Instead, an acquittal acknowledges that "the government failed to prove an essential element of the offense beyond a reasonable doubt." *State v. Watts*, 519 U.S. 148, 155 (1997). Importantly, at M.B.'s trial, L.C. disclosed to the jury that she failed to identify Petitioner as the rapist during her trial, but that during M.B.'s trial she felt comfortable enough to identify Petitioner in person as the man who raped her.

Based on the record found by the state courts and this record, Petitioner has not established that L.C. falsely testified or that the State suborned perjury through her testimony. The denial of relief on this issue was not contrary to or an unreasonable application of federal law. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

## F. Sufficient Date of Crime Evidence

Petitioner argues that there was insufficient evidence to prove his guilt because the victim testified at trial that the rapes occurred on a date when Petitioner was incarcerated. However, the victim previously stated during an interview with a Child's Advocacy Center representative that the rapes occurred on a date when Petitioner was not incarcerated. The jury knew about both statements.

Petitioner argued this claim on direct appeal; however, the Louisiana Fifth Circuit found it meritless. That court determined that the jury had sufficient evidence to resolve any credibility issues or conflicting testimony in favor of M.B.'s testimony that the rapes occurred at a time when Petitioner was not incarcerated. This is the last reasoned opinion on this issue. *State v. Harris*, 83 So.3d 269 (La. App. 5 Cir. 12/28/11).

On review of whether evidence was sufficient to support a criminal conviction, a court will affirm the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable double." *Jackson v. Virginia*, 443 U.S. 307, 320 (1979) (emphasis in original) (citation omitted). Such determination is made after reviewing the evidence in the light most favorable to the prosecution. *Id.*

Courts apply this standard by reviewing the substantive elements of the crime as defined by state law. *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (citing *Jackson* 443 U.S. at 324 n. 16). Such review includes all of the evidence admitted at trial, which must be considered as a whole under *Jackson*. *See McDaniel v. Brown*, 558 U.S. 120, 131, 134 (2010). However, such review does not include the weight of the evidence or the credibility of the witnesses, as those determinations are exclusively within the province of the jury. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004); s*ee Jackson*, 443 U.S. at 319 (noting that the

jury's responsibility is "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inference."). Accordingly, all credibility choices and conflicting inferences must be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A claim of insufficient evidence presents a mixed question of law and fact. *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). Accordingly, this court must examine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

Petitioner was convicted of forcible rape of M.B., a minor.[5] In order to convict Petitioner, the State had to prove beyond a reasonable doubt that he committed: (1) an act of oral sexual intercourse, (2) without the lawful consent of M.B., and that (3) M.B. was prevented from resisting the act by force or threats of physical violence under circumstances in which he reasonably believed that such resistance would not prevent the rape. *See State v. Fruge*, 34 So.3d 422, 425 (La. App. 3d Cir. 4/7/10).

M.B. recalled the rape taking place in April 2004. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1078. On cross-

---

[5] At the time of the crime, Louisiana law defined rape as the act of oral sexual intercourse with a male committed without the person's lawful consent, and forcible rape as rape committed when the oral sexual intercourse is deemed to be without the lawful consent of the victim because it is committed when the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. *See* LA. R.S. §14:41(A); LA. R.S. §14:42.1. Oral sexual intercourse is the intentional engaging in the touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim. *See* LA. R.S. §14:41(C)(2).

examination, M.B. recalled the events occurring on April 1 and 2, 2004 because, as a child, April Fool's Day was a favorite day. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1087. M.B. also stated that he did not remember telling anyone that the events occurred the night before Harris was arrested for a separate incident with a neighbor. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1089. After M.B. testified, defense counsel offered documentation and stipulation with the State that Petitioner was incarcerated in Orleans Paris Prison from March 31, 2004 through April 3, 2004. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1120-1125.

During closing arguments, the State asked the jury to consider M.B.'s earlier recollection of when the events occurred, reminding the jury that during his videotaped interview with the Children's Advocacy Center, about a month after the events, M.B. told the interviewer that the events occurred after Easter, which was on April 11, 2004. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1188-91. The State urged the jury to consider M.B.'s earlier recollection of when the incidents occurred. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1188-91.

When the jury convicted Petitioner of forcibly raping M.B., it apparently accepted M'B's earlier recollection of when the events occurred, determining that the events occurred after Petitioner was released from prison. That credibility

determination is within the province of the jury and is supported by the record; it is not for this court to disturb. *See United States v. Salazar*, 183 F. App'x 462, 463-64 (5th Cir. 2006). Accordingly, Petitioner has not established that denial of relief on this issue was contrary to or an unreasonable application of federal law. Petitioner is not entitled to federal habeas relief on this claim.

G. Effective Assistance of Counsel

Petitioner asserts multiple ineffective assistance of counsel claims. In *Strickland v. Washington*, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, the defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under this prong and on habeas review, the proper inquiry is whether an attorney's representation would be considered incompetent under prevailing professional norms. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Second, the defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id.*

Under *Strickland*, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance" so that deference is given to counsel's performance. 466 U.S. at 689. In assessing an attorney's performance, a federal habeas court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the counsel's perspective at the time." *Id.* Tactical decisions, when supported by the circumstances, are "objectively reasonable, and therefore [do] not amount to deficient performance." *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997).

### 1. Object to Pictures in Jury Deliberations

Petitioner first claims that his trial counsel was ineffective when he failed to object to certain pictures being taken into jury deliberations, including those related to evidence of past acts. Considered broadly, Petitioner contends that the evidence related to L.C. was not admissible and was unduly prejudicial to his defense. Under Louisiana Code of Criminal Procedure "[u]pon the request of a juror and in the discretion of the court, the jury make take with it or have sent to it any object or document received in evidence" when the jury requires it in order to arrive at a verdict. La. Code Crim. Proc. art. 793(A); *see, e.g., State v. Thibodeaux*, 216 So.3d 73, 86 (La. App. 3d Cir. 3/15/17) (holding a trial court did not err when it allowed the

jury to examine autopsy photographs during jury deliberations because "the trial court is permitted to allow jurors to view any object received in evidence, including photographs, during deliberations." (citing LA. CODE CRIM. PROC. art 793(A); *State v. Davis*, 637 So.2d 1012, 1025 (La. 1994)). Here, the record reflects that the photographs the jury received were in evidence from trial, which authorized the trial judge to send the photographs to the jury during deliberation upon request under Louisiana law.

Petitioner has provided no legal reason for his counsel to have objected to the trial judge allowing the photographs to be sent to the jury after it requested them, and counsel is not ineffective for failing to assert a meritless objection. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). The denial of relief on this claim was not contrary to or an unreasonable application of Supreme Court law. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

### 2. Object to a Modified *Allen* Charge

Petitioner next claims that he was denied effective assistance of counsel when his attorney failed to object to a "modified *Allen* charge" when the state trial judge stated that the verdict had to be by a 10 to 2 vote. In *Allen v. United States*,

the Supreme Court approved a charge designed to break a jury deadlock and accomplish jury unanimity. 164 U.S. 492 (1896). The Louisiana Supreme Court has held that a judge may not use an *Allen* charge in response to notice that the jury has failed to reach a verdict and considers itself deadlocked. *State v. Nicholson*, 315 So.2d 639 (La. 1975). However, when a jury has not reached an impasse in their decisions, a judge may make a general inquiry into the status of a verdict and simply remind the jury that in order to reach a verdict, ten of the twelve must agree on a decision. *See State v. Schamburge*, 344 So.2d 997, 1001 (La. 1977).

Here, the jury sent a note to the trial judge stating, "What happens if we can only agree on a nine to three vote?" St. Rec. Vol. 9 of 12, Trial Transcript (continued) 12/17/09 at 1281. The judge responded by written note that "[t]en of [t]welve jurors must concur to reach a verdict in this case." St. Rec. Vol. 9 of 12, Trial Transcript (continued) 12/17/09 at 1283. The jury did not declare to the state trial court a deadlock, and the court reiterated to the jury through the instruction that the law required a total of 10 to 2 votes. Under Louisiana law, the court's response was not prohibited. *Schamburge*, 344 So.2d at 1001. Accordingly, Petitioner's counsel had no legal basis to object and was not ineffective for failing to do so. Petitioner is not entitled to federal habeas relief on this claim.

### 3. Conflict with Counsel

Petitioner claims that he was denied effective assistance of counsel because of his conflict with counsel. On post-conviction review, the state courts denied such relief, noting that Petitioner had identified no particular conflict between counsel and him. As stated by the Court of Appeals for the Fifth Circuit, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Here, Petitioner alleges that a conflict existed between him and his trial counsel without offering any detailed support. Without more, Petitioner's argument is nothing more than a bare assertion, which is insufficient to raise a constitutional issue. *See United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005); *Green*, 160 F.3d at 1042.

### 4. Failure to Call Witnesses

Petitioner also alleges, for the first time in this court, that his trial counsel was ineffective because he failed to call witnesses to establish that Petitioner was incarcerated when the crime allegedly occurred. However, Petitioner's counsel and prosecutors entered into a stipulation, agreeing that the Orleans Parish Prison records indicated that Petitioner was incarcerated in that facility from March 31, 2004 through April 3, 2004. St. Rec. Vol. 8 of 12, Trial Transcript 12/17/09 at 1120-1125. In light

of that stipulation, Petitioner's counsel did not need to call any witnesses to establish his incarceration dates as fact before the jury. Additionally, the state trial court instructed the jury about the meaning of the stipulation agreement and that no further proof of Petitioner's incarceration dates was required. Petitioner is not entitled to federal habeas relief on this claim.

     5. Failure to Raise Issues on Appeal

Petitioner claims that his appointed appellate counsel was ineffective. The *Strickland* standard for judging performance of counsel also applies to ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). In order to prevail on a claim that appellate counsel was ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a non-frivolous issue, as well as establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation. *Robbins*, 528 U.S. at 285-86.

To be effective appellate counsel, the law does not require counsel to assert every non-frivolous argument on appeal, but instead only those arguments that are more likely to succeed. *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). Accordingly, only when appellate counsel ignores issues which are clearly stronger than those presented will petitioner overcome the presumption of effective counsel. *See Kossie v. Thaler*, 423 F. App'x 434, 437 (5th Cir. 2011) (citing *Robbins*, 528 U.S. at 288).

Here, Petitioner focuses on three claims that he contends his counsel should have asserted on direct appeal. First, Petitioner argues that his counsel should have asserted Petitioner's actual innocence because the victim stated the rapes occurred when Petitioner was incarcerated. As discussed above, at trial the victim testified that he remembered the rapes occurring around April Fool's Day, but the evidence also demonstrated that the victim reported to an interviewer that the rapes occurred after Easter. Ultimately, the jury is responsible for reconciling evidence, including the dates on which the rapes occurred to the extent necessary to reach a verdict. In light of all the evidence, Petitioner's counsel had no reason to pursue this claim. Moreover, when the Louisiana Fifth Circuit denied the same claim, asserted pro se by Petitioner on direct appeal, it illustrated that success would have been unlikely had it been raised by counsel. Accordingly, Petitioner has not met his burden under *Strickland* on this claim.

Second, Petitioner argues that his counsel should have asserted that the State relied on false testimony from L.C. The Louisiana Fifth Circuit, on direct appeal, addressed the propriety of L.C.'s testimony and found that it was neither speculative nor unclear, but that instead, it was relevant to the resolution of the case. Petitioner has not established that there was a non-

frivolous argument for his appellate counsel to make. Accordingly, Petitioner has not met his burden under *Strickland* on this claim.

Finally, Petitioner argues that his appellate counsel should have asserted that it was error for pictures to be provided to the jury during deliberations. As discussed above, under Louisiana law, the state trial court did not err in allowing the jury to view pictures that were already in evidence during deliberations under Louisiana Code of Criminal Procedure article 793(A) so that there was no basis for trial counsel to object. Petitioner has not established that there was a non-frivolous argument for his appellate counsel to make. Accordingly, Petitioner has not met his burden under *Strickland* on this claim.

New Orleans, Louisiana this 21st day of November 2017.

SENIOR UNITED STATES DISTRICT JUDGE